## Edwards's Estate.

*Will—Codicil—Income.*

In a codicil to his will the testator after reciting that he had been in the habit of paying the sum of $125 monthly to four persons whom he thereupon named, directed his executor and trustee to pay during the continuance of the trust and so long as each of the legatees should live, $125 on the first day of each month "for and on account of their respective quarterly shares of the net income of my (his) estate." Three of the persons so named were children of the testator, and one was a daughter-in-law. The latter was not given in the will any share of income. *Held,* that the daughter-in-law was entitled to $125 per month under the codicil.

Argued March 25, 1904. Appeal, No. 68, Jan. T., 1904, by Kate Huddell Edwards, from decree of O. C. Phila. Co., Oct. T., 1903, No. 123, dismissing exceptions to adjudication in estate of Edward B. Edwards, deceased. Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Exceptions to adjudication.

From the record it appeared that testator died on August 15, 1902, leaving a will dated May 9, 1894, and two codicils, the last dated March 19, 1902. By his will he gave to his daughter-in-law, Kate Huddell Edwards, $5,000. He gave to his son J. Warner Edwards, one fourth of his residuary estate. He gave the remaining three fourths to his trustees to pay a portion of the income in quarterly instalments to his son, Thomp-

son F. Edwards and to his daughter Rebecca G. Love.   Neither Kate Huddell Edwards nor J. Warner Edwards were given a share of this income.   By the second codicil of his will testator directed as follows:

" As I have been for some time past in the habit of paying allowances of one hundred and twenty-five dollars per month to each of the following named persons, I direct my executor and trustee during the continuance of the trust created by my will, and so long as each of the persons hereinafter named shall live, to pay to Rebecca E. Love, Thompson F. Edwards, Kate Huddell Edwards, and J. Warner Edwards, the sum of one hundred and twenty-five dollars each on the first day of each month, for and on account of their respective quarterly shares of the net income of my estate."

The auditing judge HANNA, P. J., found that neither Kate Huddell Edwards nor J. Warner Edwards were entitled to receive $125 per month under the codicil, inasmuch as they had no share of income under the will.   Exceptions to the adjudication were dismissed by the court in an opinion by ASHMAN, J.

PENROSE, J., filed the following dissenting opinion :

The doctrine that a codicil which changes or in any way interferes with the provisions of the will as originally intended by the testator is for that reason invalid, is so startling and so contrary to what has heretofore been supposed to be the very purpose of a codicil, as expressing his final and more deliberate purpose, that until it has received the sanction of the court of last resort, it ought not to be accepted ; especially where, as in the present case, the effect is to deprive a beneficiary of an interest in the estate, which the codicil declares shall be hers for life.

Of course if the codicil had been excluded from probate on the ground that the testator was of unsound mind at the date of its execution, eight years after the date of the will, the will would have remain unchanged ; but this was not alleged or pretended.

The language of the codicil is clear, express, and free from any ambiguity as to the duration of the annuities.   It recites the fact that for a number of years the testator had been in the habit of giving to his children and daughter-in-law (the except-

ant) $125 each, every month, and it directs that these amounts shall be continued to them, after his death, for their respective lives.    The annuities so given are thus made a charge upon the entire residuary estate, and, as such, their payment must precede the distribution provided by the will, which gives one fourth of the residue to a son and the income of three fourths to grandchildren in equal shares—the shares of children of his living children to be paid to their parents, respectively, for life, etc.    The difficulty of carrying out the direction as to charging the monthly payments to the annuitants against shares in the quarterly distribution of income could not make nugatory the express gifts for life, even if that difficulty was a real one, as it is not; the meaning of the codicil is obviously that the amounts paid are to be credited as against income, and the balance, after such payments, distributed, quarterly, to the persons entitled under the will.    This does no injustice, and if it did the testator was disposing of his own estate and making provision for one who, as he believed, required it; but the only effect is that the son who is entitled to one fourth of the residuary estate receives it subject to the annuity to himself, which, of course, will merge when the share is received by him ; and the other children, who under the will, as already stated, have life estates in the shares given to their children, will receive part of their income as annuitants and the balance under the original limitations.

In my opinion the gift for life is substantive, and the direction as to payment, modal and by way of demonstration, only ; and even the entire failure of the fund with reference to which it is given does not cause the ademption of a demonstrative legacy.

*Error assigned* was the decree of the court.

*Hampton L. Carson*, for appellant, Kate Huddell Edwards.

*Roland S. Morris*, for Thomas F. Edwards and Rebecca Edwards Love, appellees.

*Henry T. Dechert, Sheldon Potter* and *Leoni Melick*, for J. Warner Edwards, appellee.

PER CURIAM, April 11, 1904 :

The decree of the court below is reversed at costs of appellee, and the dissenting opinion of Judge PENROSE is adopted as the opinion of this court and decree directed to be entered in the court below accordingly at costs of appellees.